UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CEDRIC ANU BEY,<br><br>　　　　Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 24-cv-10708-DLC |

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

Cabell, U.S.M.J.

　　Cedric Anu Bey, a resident of Ontario, Canada, initiated this action on March 20, 2024, by filing his self-prepared complaint against the United States of America. (D. 1). Bey attached a "Public Proclamation" to the complaint, which contains various declarations about his purported status and rights. (D. 1-1). It appears that Bey seeks an order affirming that his assertions about his rights and status are correct. (D. 1, ¶ 4). Bey states that he is "proclaiming [his] birthrights inheritance as a Moor [and that] it is a matter of the Federal Court jurisdiction." (*Id.* at ¶ 2). He further states that his rights as a Moor "are protected and guaranteed by the Treaty of Peace and Friendship 1786 Morrocco-U.S." (*Id.*).

Bey's complaint is accompanied by a motion to file electronically, an application to proceed in district court without prepayment of fees or costs, and a notice of motion.  (D. 2; D. 3; D. 4).   This action was randomly assigned to the undersigned pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  (D. 5).

For the following reasons, this court will order the reassignment of this case to a District Judge and recommend that this action be dismissed for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.[1]

A court has an obligation to inquire *sua sponte* into its own jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).  "If the court determines at any time

---

[1] Because Bey seeks leave to proceed *in forma pauperis*, (D. 3), the court must screen the complaint and dismiss it if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

2

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Constitution limits the jurisdiction of federal courts to deciding actual cases or controversies. U.S. Const. Art. III, § 2; *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013). "One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

Here, Bey seeks a sort of judicial imprimatur on his assertion of his non-specific rights as a "Moorish American." He does not allege that the United States (or anyone else) has impinged on his purported rights, nor does he identify any likelihood that the United States will impinge on those rights imminently.[2] There being no actual or imminent invasion of Bey's purported rights, Bey has not suffered an injury in fact, and thus he lacks standing. *See id.* Because Bey lacks standing, this action does not present any justiciable case or controversy, and so it must be dismissed

---

[2] In fact, Bey resides in Canada.  (D. 1, ¶¶ 1(A), 2).  He does not indicate that he has any intention of travelling or moving to the United States.

3

for lack of jurisdiction. *See Hollingsworth*, 570 U.S. at 700.[3] In view of the finding that this action is subject to dismissal for lack of subject matter jurisdiction, no action is taken on Bey's pending motions.

Accordingly, the Court hereby orders:

1. Because the Court is without subject matter jurisdiction, and for the reasons stated herein, this action should not be permitted to proceed.  Therefore, this Court will direct the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

2.  Because this federal court lacks subject-matter jurisdiction, this Court RECOMMENDS to the District Judge to whom

---

[3] Alternatively, dismissal is appropriate because the complaint fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915A (requiring court to screen complaint where plaintiff seeks leave to proceed *in forma pauperis*). Bey's sole basis for asserting his claim is the Moroccan-American Treaty of Peace and Friendship.  That treaty provides neither a private cause of action nor any basis for relief. *See, e.g.*, *Jeannite v. Wright*, Civil Action No. 22-cv-11060-PBS, 2023 WL 3212761, at *3 (D. Mass. May 1, 2023) (holding that the Moroccan-American Treaty of Peace and Friendship does "not provide a basis for relief.") (citing *Jones-El v. South Carolina*, No. 5:13-cv-01851, 2014 WL 958302, at *8 (D.S.C. Mar. 11, 2014) (rejecting claim based on status as Moorish American and relying on the Treaty of Peace and Friendship as "completely frivolous, whether raised under § 2254, § 2241, or by way of a civil complaint")); *Ali v. Wuchte*, No. 22-CV-01532, 2022 WL 3708844, at *3 (E.D.N.Y. Aug. 25, 2022) ("Plaintiff brings this action pursuant to the United Nations Declaration of Rights on Indigenous People and the 1787 Moroccan-American Treaty of Peace and Friendship ("Treaty of Peace and Friendship"). . . . However, neither the United Nations Declaration nor the Treaty of Peace and Friendship to which Plaintiff refers provide a basis for relief.") (citing *Powell v. N.Y. State Dep't of Educ.*, No. 18-CV-7022, 2022 WL 900605, at *5-8 (E.D.N.Y. Mar. 28, 2022) (holding that "neither the United Declaration on the Rights of Indigenous Peoples and Treaties of Peace and Friendship of 1787 and 1836 give rise to any causes of action")); *Bey v. Furman*, No. 21-CV-4090, 2021 WL 3725987, at *2 (E.D.N.Y. Aug. 23, 2021) (holding that the Treaty of Peace and Friendship does not provide a basis in law for plaintiff's legal claim); *New York v. Vidal-Bey ex rel. Jones-Rogers*, No. 22-CV-3529, 2022 WL 3867751, at *2 (E.D.N.Y. Aug. 30, 2022) ("[T]he Treaty of Peace and Friendship does not provide a basis for the Court's jurisdiction.").

this case is reassigned, that this action be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).[4]

                                          /s/ Donald L. Cabell
                                          DONALD L. CABELL, U.S.M.J.

DATED:  April 26, 2024

---

[4] The plaintiff is hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See *Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); see also *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985).